Case No. SACV 10-1959 DOC (RNBx)             Date: May 20, 2011

Title: VERSO PAPER LLC v. HIRERIGHT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT HIRERIGHT INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

        Before the Court is a Motion to Dismiss (Docket 11) filed by Defendant HireRight, Inc. ("Defendant" or "HireRight") in the above-captioned case. The Court finds this matter appropriate for decision without oral arguments. Fed.R.Civ. P. 78; Local Rule 7-15. After reviewing the moving, opposing, and replying papers, the Court hereby DENIES the Motion.

        **I.     Background**

        Plaintiff Verso ("Plaintiff") is a Memphis, Tennessee-based subsidiary of Verso Paper Corp., a leading North American producer and supplier of "coated" papers to catalog and magazine publishers. Defendant HireRight is a California-based employment screening company. On September 8, 2006, Plaintiff entered into an agreement with Defendant HireRight to assist Plaintiff in the hiring of "qualified, honest employees." Complaint, ¶ 2. Pursuant to this agreement, Defendant prepared a background report to identify any prospective employees' "County, Criminal, Felony, and Misdemeanor" convictions. *Id*.

        Plaintiff alleges that this report was inaccurate in the case of one of its prospective accounting employees, Thom Williams ("Williams"). *Id*. at 3. Plaintiff avers that it provided HireRight with the properly spelled named, social security number, and address for Williams. *Id.* at ¶8. HireRight's background report declared that Williams was free of criminal convictions in Shelby

County, Tennessee, DeSoto County, Mississippi, and Lee, County, Mississippi, when, in fact, Williams had entered into a guilty plea for the felony charge of embezzlement in the Circuit Court of Lee County, Mississippi on November 18, 2001. *Id*. In the plea, Williams had admitted to stealing $215,663.49 from his former employer. *Id*.

Relying on Defendant's report, Plaintiff allegedly hired Williams without the knowledge of Williams's felony conviction. *Id*. at 4. Following his employment, Williams embezzled $10,247,386 from Plaintiff "by using fictitious vendor payment accounts . . . and wire transfers." *Id*. On July 6, 2010, Williams pled guilty to the charge of wire fraud for embezzling $10,247,386 from Plaintiff. *Id*.

Plaintiff filed this Complaint on December 27 2010, asserting causes of action for breach of contract; negligence and gross negligence; and negligent misrepresentation. Plaintiff requests recovery of damages and "interest on all monies awarded." *Id*. at 7.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal is proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Additionally, in cases where fraud is alleged, Federal Rule of Civil Procedure 9(b) requires that allegations be stated with particularity. Allegations of fraud must "state the time, place and specific content of the false representations as well as the parties to the misrepresentations." *Alan Neuman Prod., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)). Under Rule 9(b), "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber*, 806 F.2d at 1401. Accordingly, "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citing *Semegen,* 780 F.2d at 731).

### III. Discussion

#### A. Consequential Damages

The Motion hinges on the interpretation of Section 7 of the parties' contract. *See* Motion, Exh. 1, § 7. That section states that the parties agree that "unless HireRight has committed gross negligence or engaged in intentional wrongdoing in the preparation and transmission of the Screening Report, HireRight's total liability to [Plaintiff] shall be limited to the return of the fees paid to HireRight for the Screening Report and then only to the extent that the information contained in the Screening Report is found to be the primary basis upon which [Plaintiff] incurred injury or damage resulting from the furnishing of the Screening Report by HireRight." Exh. 1. The section continues with another sentence: "HireRight and Subscriber agree that HireRight shall not be liable to [Plaintiff] for any other damages, costs or expenses whatsoever except as expressly agreed to above or pursuant to Section 8(b) hereof, and that neither party shall be liable to the other party for punitive, exemplary, or consequential damages." *Id.*

HireRight insists that the second portion of that section is a bilateral, stand-alone provision imposing a strict exclusion provision for, *inter alia*, consequential damages. It argues that section 7, read in whole, establishes that Plaintiff cannot recover for consequential damages. Motion, Exh. 1, § 7. HireRight reads the contract to mean that for claims not arising from gross negligence or intentional misconduct by Defendant, Plaintiff can recover the fee it paid to Defendant, and for claims arising from gross negligence or intentional misconduct, it can recover any direct damages, but not punitive, exemplary, or consequential damages. Reply, 15.

Plaintiff's interpretation differs. Plaintiff argues that the gross negligence limitation

applies to all of Section 7. In other words, Plaintiff insists that the bar on consequential damages only applies when there are allegations of gross negligence or intentional wrongdoing by HireRight. Opposition, 12. Defendant argues that under Plaintiff's read of the contract, the second sentence of section 7 is a "nullity," and fails to give meaning to every clause of the contract. This is not necessarily true. To start, the second sentence immediately follows the first, and is not listed as a separate paragraph, thereby suggesting it is continuous. The second sentence of section 7 would still have independent meaning even if the "gross negligence or intentional wrongdoing" limitation applies, because the second sentence indicates that it applies to both sides–rather than just to HireRight's liability as the first sentence indicates.

Indeed, this Court must construe the pleadings in the light most favorable to Plaintiff–provided they are plausible–and can look to the contract as part of those pleadings. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005). Thus, reading the contract in a generous light to Plaintiffs to determine plausibility, the Court finds it, at the very least, ambiguous as to whether the "gross negligence or intentional wrongdoing" limitation applies to the entire section. Accordingly, at this early Motion to Dismiss stage, the Court does not find consequential damages necessarily barred. Instead, the Court finds it at least plausible for pleading purposes that consequential damages are not barred where there is gross negligence or intentional misconduct.

Because the Court does not find consequential damages necessarily barred, the Court need not reach the question of whether the damages sought by Plaintiff are consequential damages.

      **B.**    **Claims**

           **1.**    **Breach of Contract**

The Motion does not challenge that Plaintiff has stated a claim for breach of contract, with the exception of HireRight's objections to the type of damages sought, as discussed above. Indeed, Plaintiff has alleged the necessary facts to state a claim for breach of contract, as it has alleged the existence of a contract to purchase accurate background screening reports on its employees, Complaint, ¶ 30, a breach of the contract through HireRight's failure to accurately research and report on Williams's background, *Id.* at ¶ 31, and, finally, damages of at least $10, 247, 386, *id.* Because Plaintiff has alleged gross negligence, Plaintiff avers that the provision of the contract barring consequential damages is inapplicable. As discussed above, the Court finds it plausible, for purposes of stating a claim under *Iqbal*, that the contract's limitation on consequential damages does not apply when gross negligence is alleged. Therefore, Plaintiff has pleaded enough facts, taken as true, to state a claim for breach of contract.

           **2.**    **Negligence and Gross Negligence**

The Court finds that Plaintiff has alleged sufficient facts to state a claim for negligence and gross negligence[1]. Negligence claims require a showing of "failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 753-54 (Cal. 2007). Put differently, "[t]he elements of a negligence action are duty, breach of duty, causation, and damages." *Carrera v. Maurice J. Sopp & Son*, 177 Cal.App.4th 366, 377 (2009). Gross negligence is a higher standard, involving "either a 'want of even scant care' or 'an extreme departure from the ordinary standard of conduct.'" *City of Santa Barbara*, 41 Cal. 4th at 754. Plaintiff clearly alleges that HireRight owed it a duty, which it breached in an "extreme departure", directly causing damages to Plaintiff. Complaint, ¶¶ 33-36. As the Court addressed above, it declines to find implausible any claim for consequential damages, thus damages have been properly alleged.

Plaintiff contends that even if consequential damages were barred, its claims for negligence and gross negligence could still stand. According to Plaintiff, California Civil Code § 1668 bars enforcement of contract provisions that bargain away liability for a party's own future negligence. *See* Opposition, 10. HireRight insists that courts only choose not to enforce such provisions when they involve contracts affecting the public interest. Regardless, the Court need not reach the question of whether a waiver of liability for negligence claims is unenforceable in the circumstances present here, as it has not found consequential damages necessarily barred under a plausible read of the contract.

### 3. Negligent Misrepresentation

In order to plead a cause of action for negligent misrepresentation, Plaintiff must show facts which consist of "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (Cal. Ct. App. 1986). Plaintiff's allegations in support of its claim for negligent misrepresentation must comply with Rule 9(b)'s requirements. *See Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). The Court finds that Plaintiff has pled this claim with particularity, as it provides the "who, what, when, where, and how" of the alleged misrepresentation. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff's allegations certainly " are specific enough to give defendants notice of the particular

---

[1] HireRight only contests the negligence claim, arguing in a footnote that negligence and gross negligence are indistinguishable in California, unless there is a statutory basis for a gross negligence claim. Motion, 7 n.6. That idea was specifically rejected in *City of Santa Barbara*, 41 Cal. 4th at 778 (noting that "[t]his assertion inaccurately characterizes the law").

misconduct which is alleged to constitute the fraud charged so that they can defend against the charge[s]" in the Complaint " *Semegen*, 780 F.2d at 731.

In its reply brief, HireRight insists that Plaintiff cannot assert its negligent misrepresentation claim because it is simply attempting to convert its breach of contract claim into a negligent misrepresentation tort claim. Reply, 21. HireRight further contends that a negligent misrepresentation must involve past or material facts. *Id.* at 22. HireRight characterizes Plaintiff's misrepresentation claim as "a mere promise for future performance of a contract." *Id.* But this misstates Plaintiff's claim. Plaintiff's allegations of negligent misrepresentation stem not from a promise to perform on the contract, but from the fact that "[a]t the time Verso entered into the written HireRight Subscriber Agreement, HireRight had no reasonable basis to believe that it would produce full, complete and accurate background searches on prospective employees for Verso." Complaint, ¶ 44. In other words, Plaintiff avers that HireRight induced Plaintiff to contract with it knowing that it would not be able to perform. This is not alleging a breach, but a separate tort.

### IV.     Disposition

For the reasons stated above, HireRight's Motion to Dismiss is DENIED. HireRight shall file an answer no later than June 9, 2011.

The Clerk shall serve this minute order on all parties to the action.