ROD M. FLIEGEL, Bar No. 168289
Email: rfliegel@littler.com
LAURA E. HAYWARD, Bar No.
204014
E-mail: lhayward@littler.com
AMANDA N. FU, Bar No. 254287
Email: afu@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940
Facsimile:  415.743.6665

CALDWELL LESLIE & PROCTOR, PC
Christopher G. Caldwell, SBN 106790
  *caldwell@caldwell-leslie.com*
David Zaft, SBN 237365
  *zaft@caldwell-leslie.com*
Lennette Lee, SBN 263023
  *lee@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant
HIRERIGHT, INC.

JAY HARKER (State Bar No. 167063)
jharker@clausen.com
MICHAEL W. BASIL (Admitted *pro
hac vice*)
mbasil@clausen.com
SCOTT L. SCHMOOKLER (Admitted
*pro hac vice*)
sschmookler@clausen.com
CLAUSEN MILLER P.C.
2040 Main Street, Suite 500
Irvine, CA 92614
(949) 260-3100; Fax: (949) 260-3190

Attorneys for Plaintiff
VERSO PAPER LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| VERSO PAPER LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HIRERIGHT, INC.,<br><br>    Defendant. | Case No. SACV10-01959 DOC (RNBx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID O. CARTER<br><br>**STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Plaintiff Verso Paper LLC ("Verso Paper") and Defendant Hireright, Inc. ("HireRight"), by and through their respective counsel of record, hereby enter into the following stipulation:

## STIPULATION FOR PROTECTIVE ORDER

### Scope

1.    This protective order shall govern all documents and information produced or disclosed in the above-captioned action (the "Action") by any party to the Action or third party from whom documents or information is sought (the "Designating Party") to the other party or parties ("the Receiving Party") that are designated as "Confidential Information" or "Attorneys Eyes Only Material." This protective order applies to all current and later-joined parties and any third parties producing and/or receiving documents in the Action, including without limitation Verso Paper, HireRight and National Union Fire Insurance Company of Pittsburgh PA ("National Union").

### Good Cause Statement

2.    Based on the claims at issue in this matter, the parties will likely request private and confidential financial information during the discovery process, including financial information related to the parties and/or third parties. Documents containing or making reference to confidential financial information are considered private and confidential and would likely cause significant harm to that party and/or infringe upon its ability to compete if such information was made available or accessible publicly and/or to the party's competitors.

3.    Based on the claims at issue in this matter, the parties will likely request trade secret and/or otherwise proprietary, confidential or sensitive business information related to either party's business operations that would likely cause significant harm to that party and/or infringe upon its ability to compete if such information was made available or accessible publicly and/or to the party's competitors.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER**          2.          **Case No. SACV10-01959 DOC (RNBx)**

4.      Based on the claims at issue in this matter, the parties will likely request information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' contact information, wage information and job performance-related documentation.  Such information is considered private and confidential and could violate an individual's privacy rights if it was made publicly available.

5.      For the reasons set forth above, good cause exists for a protective order that will allow the parties to produce documents and information that they consider confidential, private, sensitive and/or documents that contain trade secrets while taking appropriate steps to protect the confidential, private, sensitive and/or trade secret nature of the documents and information.

## **Confidential Information**

6.      "Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation.  Confidential Information may include, but is not limited to:

(a)      Private and confidential financial information related to the parties and/or third parties; or

(b)      Proprietary, confidential or sensitive business information or information that otherwise is protected as a trade secret; or

(c)      Information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' contact information, wage information and job performance-related documentation.

7.       "Attorneys Eyes Only Material" means any information contained in a document that is stamped with an "Attorneys Eyes Only" designation.  Attorneys Eyes Only Material may include, but is not limited to highly confidential or sensitive business information that could cause financial harm to either party if disseminated to the public or a competitor.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**          3.          **Case No. SACV10-01959 DOC (RNBx)**

## Restrictions On Disclosure of Confidential Information and Attorneys Eyes Only Material

8.     Subject to paragraph 10, and excepting the Court and any Court personnel, Confidential Information produced under this protective order shall not be disclosed by any person who has received such Confidential Information through this Action to any other person except to:

(a)     Attorneys of record for the parties and their respective associates, paralegals, clerks and employees involved in the conduct of this Action, and either party's in-house attorneys and attorneys employed by its corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

(b)     Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

(c)     Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(d)     The Court and any Court personnel to whom it is necessary to disclose the information as well as any mediators used to try to resolve the Action;

(e)     Current or former employees of either party or its parent or affiliated companies who may serve as witnesses, but only insofar as such Confidential Information is relevant to their testimony and disclosure is not otherwise prohibited by applicable law;

(f)     Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this Action;

(g)     The employees or representatives of National Union and ACE USA responsible for handling this matter; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**                              4.                         **Case No. SACV10-01959 DOC (RNBx)**

1        (h)    Any other person with the prior written consent of the Designating

2    Party or pursuant to an order issued by this Court.

3        9.    Subject to paragraph 10, and excepting the Court and any Court

4    personnel, Attorneys Eyes Only Material produced under this protective order shall

5    not be disclosed by any person who has received such Attorneys Eyes Only Material

6    through this Action to any other person except to:

7        (a)    Attorneys of record for the parties and their respective associates,

8    paralegals, clerks and employees involved in the conduct of this Action, and either

9    party's in-house attorneys and attorneys employed by its corporate parents and/or

10   corporate affiliates and their respective paralegals, clerks and employees;

11       (b)    Any outside consultant or expert and any employees thereof who

12   would, in the course and scope of their employment or engagement, handle the at-

13   issue documents, whether formally retained or not;

14       (c)    Stenographic employees, court reporters and videographers

15   recording or transcribing testimony in this Action;

16       (d)    The Court and any Court personnel to whom it is necessary to

17   disclose the information as well as any mediators used to try to resolve the Action;

18       (e)    An employee or agent of the Designating Party, but only insofar as

19   such Attorneys Eyes Only Material is relevant to their testimony and disclosure is not

20   otherwise prohibited by applicable law; and

21       (f)    Any other person with the prior written consent of the Designating

22   Party or pursuant to an order issued by this Court.

23       10.    Prior to the Receiving Party providing access to the Confidential

24   Information to any person that is authorized pursuant to the terms of this protective

25   order, such person (i) shall be provided a copy of this protective order and (ii) shall

26   agree in writing, in the form of the Protective Order Acknowledgment and Non-

27   Disclosure Agreement, attached hereto as Exhibit A, to be bound by the terms of this

28   protective order.  These requirements do *not* apply to Confidential Information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**
5.
**Case No. SACV10-01959 DOC (RNBx)**

provided to the Court or to any Court personnel.  Prior to the Receiving Party providing Attorneys Eyes Only Material to any person with access to Attorneys Eyes Only Material that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Attorneys Eyes Only Non-Disclosure Agreement, attached hereto as Exhibit B, to be bound by the terms of this protective order.  These requirements do *not* apply to Attorneys Eyes Only Material provided to the Court or any Court personnel.  The Receiving Party shall retain all executed non-disclosure agreements until the end of the Action.  In the event of a possible violation of this protective order during the pendency of this Action, either party may make a motion to request that the Court order production of the executed non-disclosure agreements to the Designating Party for good cause shown.  Otherwise, these non-disclosure agreements are strictly confidential and are not subject to any discovery request while the Action is pending.  No more than thirty (30) calendar days after the end of litigation in the Action as defined in paragraph 11 below, the Receiving Party shall provide copies of all executed non-disclosure agreements to the Designating Party.

11.    The Action is at an end when all of the following that are applicable occur:  (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice, due to settlement or otherwise; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have concluded.

### Use of Confidential Information and Attorneys Eyes Only Material

12.    Confidential Information and Attorneys Eyes Only Material shall be used solely and exclusively for preparing for and prosecuting this case, pending the completion of the judicial process, including appeal.  Confidential Information and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**

6.

**Case No. SACV10-01959 DOC (RNBx)**

1    Attorneys Eyes Only Material cannot be used for any other purpose in any other

2    matter or proceeding for any reason whatsoever.

3        13.   Notwithstanding any other provisions hereof, nothing in this protective

4    order shall restrict any party's counsel from rendering advice to its client with respect

5    to this Action and, in the course thereof, relying upon Confidential Information and/or

6    Attorneys Eyes Only Material, provided that in rendering such advice, counsel shall

7    not disclose the other party's Confidential Information and/or Attorneys Eyes Only

8    Material other than in a manner expressly provided for in this protective order.

9        14.   If Confidential Information or Attorneys Eyes Only Material is used in

10   any depositions taken in this matter, the original transcript of the deposition, and all

11   copies thereof shall be stamped "Confidential" or "Attorneys Eyes Only."   Testimony

12   taken at a deposition may be designated as Confidential Information or Attorneys

13   Eyes Only Material by making a statement to that effect on the record at the

14   deposition, as to the specific testimony or items claimed to be Confidential

15   Information or Attorneys Eyes Only Material.   If any portions of the deposition

16   transcript and/or video or audio versions of the depositions contain Confidential

17   Information or Attorneys Eyes Only Material, or references thereto, they must be filed

18   with the Court in compliance with paragraph 21 of the protective order.

19       15.   A copy of the protective order shall be attached as an exhibit to the

20   deposition transcript and the court reporter shall be subject to the protective order and

21   precluded from providing the original or copies of the deposition transcript or portions

22   thereof, any copies thereof, or portions of copies thereof, to any persons or entities

23   other than counsel of record in the Action.   Any audiotape and/or videotape of said

24   deposition shall also be subject to this protective order.   The deposition videographer

25   shall be subject to this protective order and precluded from providing the original

26   deposition audiotape and videotape or portions thereof to any persons or entities other

27   than counsel of record.   All persons shall be precluded from providing the original

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER                        7.                Case No. SACV10-01959 DOC (RNBx)

1  deposition audiotape and videotape or portions thereof to any persons or entities other
2  than counsel of record in the Action.

3      16.    Except for the witness, only individuals permitted access to Confidential
4  Information or Attorneys Eyes Only Material shall be present during that portion of a
5  deposition where Confidential Information or Attorneys Eyes Only Material is
6  discussed.  Individuals attending any depositions using Confidential Information or
7  Attorneys Eyes Only Material shall not disclose to any person any statements made by
8  deponents at depositions that directly reference or quote Confidential Information or
9  Attorneys Eyes Only Material unless that person is independently allowed access to
10  the information.

11  **Protection of Confidential Information and Attorneys Eyes Only Material**

12      17.    Counsel shall take all reasonable and necessary steps to assure the
13  security of any Confidential Information and Attorneys Eyes Only Material and will
14  limit access to Confidential Information and Attorneys Eyes Only Material only to the
15  persons authorized by this protective order.

16      18.    In connection with any lawsuit, regulatory matter, or action other than the
17  above-captioned case, any party who is served with a subpoena or other request for
18  production of Confidential Information or Attorneys Eyes Only Material produced by
19  the other party must immediately provide written notice of such subpoena or other
20  notice to the Designating Party so as to afford the Designating Party an opportunity to
21  obtain an order barring production or other disclosure, or to otherwise respond to the
22  subpoena or other request for production or disclosure of Confidential Information or
23  Attorneys Eyes Only Material.  Upon receiving such notice, the Designating Party
24  shall bear the burden of opposing, if it deems appropriate, the subpoena or request for
25  production.  However, nothing contained in this paragraph is intended to be construed
26  as authorizing a party to disobey a lawful subpoena issued in another action.

27      19.    Unless otherwise ordered or agreed in writing by the parties, within
28  ninety (90) days of the settlement or termination (as defined in paragraph 11) of this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**          8.          **Case No. SACV10-01959 DOC (RNBx)**

1  Action, the parties must simultaneously exchange and surrender any Confidential
2  Information or Attorneys Eyes Only Material, provided, however, that counsel of
3  record for Verso Paper, HireRight, National Union, ACE USA, and insurers,
4  reinsurers and regulators for the parties may keep, in strictest confidence, those copies
5  of any part of the Confidential Information that has become part of the official record
6  of this Action and may retain abstracts or summaries of such materials, which contain
7  counsel's mental impressions or opinions.  Such information shall remain subject to
8  the terms of this protective order.

9  **Challenges to Designation**

10  20.  Any party may challenge the propriety of the designation of Confidential
11  Information or Attorneys Eyes Only Material pursuant to Local Rule 37.  In
12  accordance with Local Rule 37-1, prior to filing any motion asking the Court to make
13  a determination as to the propriety of a designation the parties shall confer in a good
14  faith effort to eliminate the necessity for hearing the motion or to eliminate as many of
15  the disputes as possible.  In the event that this conference of counsel does not resolve
16  the dispute between the parties, the Receiving Party can bring a motion pursuant to
17  Local Rule 37-2 to have the Court make a determination regarding the propriety of the
18  disputed designation.  As part of any such motion, if one or both parties wish to file
19  the Joint Stipulation required by Local Rule 37-2.2 under seal, the parties will either
20  file a stipulation to that effect or the moving party will file an ex parte application
21  making the appropriate request.  Any stipulation or ex parte application addressing
22  why the Joint Stipulation or portions thereof should be filed under seal must set forth
23  good cause.

24  **Filing Confidential Information or Attorneys Eyes Only Material**

25  21.  In accordance with Local Rule 79-5.1, if any papers to be filed with the
26  Court contain information and/or documents that have been designated as
27  "Confidential Information" or "Attorneys Eyes Only Material," the proposed filing
28  shall be accompanied by an application to file the papers or the portion thereof

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**                    9.              **Case No. SACV10-01959 DOC (RNBx)**

1  containing the designated information or documents (if such portion is segregable)
2  under seal; and the application shall be directed to the judge to whom the papers are
3  directed.  For motions, the parties shall publicly file a redacted version of the motion
4  and supporting papers.

5  **Miscellaneous Provisions**

6      22.    A party that inadvertently produces documents or information that the
7  party later discovers should have been designated as Confidential Information and/or
8  Attorneys Eyes Only Material in this Action may notify the receiving parties that it
9  intends to designate the documents or information.   Any such post-production
10  designation of Confidential Information and/or Attorneys Eyes Only Material must be
11  made no later than 45 days prior to first day of trial.   Any party receiving
12  inadvertently produced documents or information shall return it upon request from the
13  producing party.  Upon receiving such a request to return specific information or
14  documents, the receiving party shall return the information or documents to the
15  producing party with in five (5) business days, regardless of whether the receiving
16  party agrees with the designation.  The producing party will then have five (5) days to
17  produce all of the returned information or documents with the relevant designation.
18  Disclosure or use of the information or document by the receiving party prior to such
19  late notice shall not be deemed a violation of the provisions of this protective order.
20  Nothing in this paragraph shall be interpreted to limit the right of any party to
21  challenge the designation of information or documents as Confidential Information
22  and/or Attorneys Eyes Only Material as provided in paragraph 20, above.

23      23.    It is expressly understood by and between the parties that in producing
24  Confidential Information and/or Attorneys Eyes Only Material in this Action, the
25  parties are relying upon the terms and conditions of the protective order.  The parties
26  also acknowledge that their agreement to the terms of this protective order does not
27  waive their right to object to the production of documents or information on any
28  proper ground and that the entry of this protective order does not, in and of itself,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**                     10.                **Case No. SACV10-01959 DOC (RNBx)**

1  require any party to produce any documents or information or to waive any privilege

2  or objection.

3        24.    The parties can modify the terms of the protective order by written

4  agreement but any such modification made by the stipulation of the parties shall not

5  have the force or effect of a Court order unless the Court approves the amendment or

6  //

7  //

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**

11.

**Case No. SACV10-01959 DOC (RNBx)**

modification.   The Court also may modify the terms of the protective order .   The protective order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement of this Action.

Dated:   November ___, 2011


_____
ROD M. FLIEGEL

LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HIRERIGHT, INC.


_____
CHRISTOPHER G. CALDWELL

CALDWELL LESLIE& PROCTOR
Attorneys for Defendant
HIRERIGHT, INC.


DATED: November___, 2011          _____
JAY HARKER
MICHAEL W. BASIL

CLAUSEN MILLER P.C.
Attorneys for Plaintiff
Verso Paper LLC

[PROPOSED] ORDER

IT IS SO ORDERED.


DATED: November 23, 2011          _____
The Honorable Robert N. Block
United States Magistrate Judge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION FOR AND [PROPOSED]                12.          Case No. SACV10-01959 DOC (RNBx)
PROTECTIVE ORDER

**EXHIBIT A**

**Protective Order Acknowledgment and Non-Disclosure Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Verso Paper, LLC v. HireRight, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. SACV10-01959 DOC (RNBx). I certify that I am an appropriate person for receipt of Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so. By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

Dated: _____          _____

[Signature]

_____

[Print Name]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**

13.

**Case No. SACV10-01959 DOC (RNBx)**

1

**EXHIBIT B**

2

**Protective Order Acknowledgment and Attorneys Eyes Only Non-Disclosure**

3

**Agreement**

4

The undersigned hereby acknowledges and agrees to the following:

5

I have had the opportunity to review the protective order in *Verso Paper, LLC v.*

6

*HireRight, Inc.,* currently pending in the U.S. District Court for the Central District of

7

California, Case No. SACV10-01959 DOC (RNBx). I certify that I am an appropriate

8

person for receipt of Attorneys Eyes Only Material and Confidential Information

9

under the protective order. I understand and agree to be bound by the terms of the

10

protective order and will not disclose any of the Attorneys Eyes Only Material and

11

Confidential Information provided to me to any third person, except as allowed in the

12

protective order. I understand and agree that my use of any Attorneys Eyes Only

13

Material and Confidential Information shall be solely and exclusively for purposes

14

relating to the prosecution or defense of the above-titled Action, including but not

15

limited to appeals and writs relating thereto, discovery, and/or mediation or settlement

16

of this Action in accordance with the provisions of the protective order.

17

I also agree that upon being informed of the termination or settlement of this

18

Action, I will promptly surrender all Attorneys Eyes Only Material and Confidential

19

Information provided to me to the counsel that provided it to me so that it may be

20

returned to the party that it belongs to in accordance with the terms of the protective

21

order. I will not retain copies of any such Attorneys Eyes Only Material and

22

Confidential Information in any form of any kind, including but not limited to

23

electronic format, for any reason whatsoever and understand that it would be a

24

violation of the terms of the protective order to do so.

25

26

*[Signature on following page]*

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**

14.

**Case No. SACV10-01959 DOC (RNBx)**

1      By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction

2   of the U.S. District Court for the Central District of California for purposes of

3   enforcing the terms of this agreement.

4

5   Dated: _____          _____

6                                                      [Signature]

7                                              _____

8                                                      [Print Name]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER**                     15.                    **Case No. SACV10-01959 DOC (RNBx)**