Rod M. Fliegel, Bar No. 168289
rfliegel@littler.com
Laura E. Hayward, Bar No. 204014
lhayward@littler.com
Amanda N. Fu, Bar No. 254287
afu@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   (415) 433-1940
Facsimile:    (415) 743-6665

Christopher G. Caldwell, SBN 106790
caldwell@caldwell-leslie.com
David Zaft, SBN 237365
zaft@caldwell-leslie.com
Lennette Lee, SBN 263023
lee@caldwell-leslie.com
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant
HIRERIGHT, INC.

*Additional Counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VERSO PAPER LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiffs, <br><br> v. <br><br> HIRERIGHT, INC., DDI, INC., JOHN DOE 1, AND JOHN DOE 2, <br><br> Defendants. | Case No. SACV10-01959 DOC (RNBx) <br><br> ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID O. CARTER <br><br> **STIPULATION FOR AND [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER** |

**STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER**

Case No. SACV10-01959 DOC (RNBx)

1  Jay Harker (State Bar No. 167063)
   jharker@clausen.com
2  Michael W. Basil (Admitted *pro hac vice*)
   mbasil@clausen.com
3  CLAUSEN MILLER P.C.
   2040 Main Street, Suite 500
4  Irvine, CA 92614
   Telephone: (949) 260-3100
5  Facsimile: (949) 260-3190

6  Scott L. Schmookler (Admitted *pro hac vice*)
   sschmookler@gordonrees.com
7  GORDON & REES
   One North Franklin, Suite 800
8  Chicago, IL 60603
   Telephone: (312) 980-6779
9  Facsimile: (312) 565-6511

10 Attorneys for Plaintiffs
   VERSO PAPER LLC and NATIONAL UNION FIRE INSURANCE COMPANY
11 OF PITTSBURGH, PA.

12 Jeremy Johnson (State Bar No. 214989)
   jjohnson@bremerwhyte.com
13 Alison K. Hurley (State Bar No. 234042)
   ahurley@bremerwhyte.com
14 BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street, 2nd Floor
15 Newport Beach, CA  92660
   Telephone: (949) 221-1000
16 Facsimile: (949) 221-1001

17 Attorneys for Defendant
   DDI, INC.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER**

Case No. SACV10-01959 DOC (RNBx)

Plaintiff Verso Paper LLC ("Verso Paper"), Plaintiff National Union Fire Insurance Company of Pittsburgh, PA. ("National Union") (collectively "Plaintiffs"), Defendant Hireright, Inc. ("HireRight") and Defendant DDI, Inc. "(DDI") (collectively "Defendants"), by and through their respective counsel of record, hereby enter into the following stipulation:

## STIPULATION FOR AMENDED PROTECTIVE ORDER

### Scope

1. This protective order shall govern all documents and information produced or disclosed in the above-captioned action (the "Action") by any party to the Action or third party from whom documents or information is sought (the "Designating Party") to the other party or parties ("the Receiving Party") that are designated as "Confidential Information" or "Attorneys Eyes Only Material." This protective order applies to all current and later-joined parties and any third parties producing and/or receiving documents in the Action, including without limitation Verso Paper, HireRight, DDI and National Union.

### Good Cause Statement

2. Based on the claims at issue in this matter, the parties will likely request private and confidential financial information during the discovery process, including financial information related to the parties and/or third parties. Documents containing or making reference to confidential financial information are considered private and confidential and would likely cause significant harm to that party and/or infringe upon its ability to compete if such information was made available or accessible publicly and/or to the party's competitors.

3. Based on the claims at issue in this matter, the parties will likely request trade secret and/or otherwise proprietary, confidential or sensitive business information related to either party's business operations that would likely cause significant harm to that party and/or infringe upon its ability to compete if such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER    1.    Case No. SACV10-01959 DOC (RNBx)

information was made available or accessible publicly and/or to the party's competitors.

4. Based on the claims at issue in this matter, the parties will likely request information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' contact information, wage information and job performance-related documentation. Such information is considered private and confidential and could violate an individual's privacy rights if it was made publicly available.

5. For the reasons set forth above, good cause exists for a protective order that will allow the parties to produce documents and information that they consider confidential, private, sensitive and/or documents that contain trade secrets while taking appropriate steps to protect the confidential, private, sensitive and/or trade secret nature of the documents and information.

## **Confidential Information**

6. "Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to:

(a) Private and confidential financial information related to the parties and/or third parties; or

(b) Proprietary, confidential or sensitive business information or information that otherwise is protected as a trade secret; or

(c) Information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' contact information, wage information and job performance-related documentation.

7. "Attorneys Eyes Only Material" means any information contained in a document that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to highly confidential or sensitive

business information that could cause financial harm to either party if disseminated to the public or a competitor.

**Restrictions On Disclosure of Confidential Information and Attorneys Eyes Only Material**

8. Subject to paragraph 10, and excepting the Court and any Court personnel, Confidential Information produced under this protective order shall not be disclosed by any person who has received such Confidential Information through this Action to any other person except to:

(a) Attorneys of record for the parties and their respective associates, paralegals, clerks and employees involved in the conduct of this Action, and either party's in-house attorneys and attorneys employed by its corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

(b) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

(c) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(d) The Court and any Court personnel to whom it is necessary to disclose the information as well as any mediators used to try to resolve the Action;

(e) Current or former employees of either party or its parent or affiliated companies who may serve as witnesses, but only insofar as such Confidential Information is relevant to their testimony and disclosure is not otherwise prohibited by applicable law;

(f) Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this Action;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER     3.     Case No. SACV10-01959 DOC (RNBx)

  (g) The employees or representatives of National Union and ACE USA responsible for handling this matter; and

  (h) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

9. Subject to paragraph 10, and excepting the Court and any Court personnel, Attorneys Eyes Only Material produced under this protective order shall not be disclosed by any person who has received such Attorneys Eyes Only Material through this Action to any other person except to:

  (a) Attorneys of record for the parties and their respective associates, paralegals, clerks and employees involved in the conduct of this Action, and either party's in-house attorneys and attorneys employed by its corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

  (b) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

  (c) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

  (d) The Court and any Court personnel to whom it is necessary to disclose the information as well as any mediators used to try to resolve the Action;

  (e) An employee or agent of the Designating Party, but only insofar as such Attorneys Eyes Only Material is relevant to their testimony and disclosure is not otherwise prohibited by applicable law; and

  (f) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

10. Prior to the Receiving Party providing access to the Confidential Information to any person that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Non-

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER 4. Case No. SACV10-01959 DOC (RNBx)

1  Disclosure Agreement, attached hereto as Exhibit A, to be bound by the terms of this
2  protective order.  These requirements do *not* apply to Confidential Information
3  provided to the Court or to any Court personnel.  Prior to the Receiving Party
4  providing Attorneys Eyes Only Material to any person with access to Attorneys Eyes
5  Only Material that is authorized pursuant to the terms of this protective order, such
6  person (i) shall be provided a copy of this protective order and (ii) shall agree in
7  writing, in the form of the Protective Order Acknowledgment and Attorneys Eyes
8  Only Non-Disclosure Agreement, attached hereto as Exhibit B, to be bound by the
9  terms of this protective order.  These requirements do *not* apply to Attorneys Eyes
10 Only Material provided to the Court or any Court personnel.  The Receiving Party
11 shall retain all executed non-disclosure agreements until the end of the Action.  In the
12 event of a possible violation of this protective order during the pendency of this
13 Action, either party may make a motion to request that the Court order production of
14 the executed non-disclosure agreements to the Designating Party for good cause
15 shown.  Otherwise, these non-disclosure agreements are strictly confidential and are
16 not subject to any discovery request while the Action is pending.  No more than thirty
17 (30) calendar days after the end of litigation in the Action as defined in paragraph 11
18 below, the Receiving Party shall provide copies of all executed non-disclosure
19 agreements to the Designating Party.

20         11.    The Action is at an end when all of the following that are applicable
21 occur:  (i) a final judgment has been entered by the Court or the case has otherwise
22 been dismissed with prejudice, due to settlement or otherwise; (ii) the time for any
23 objection to or request for reconsideration of such a judgment or dismissal has
24 expired; (iii) all available appeals have concluded or the time for such appeals has
25 expired; and (iv) any post appeal proceedings have concluded.

### Use of Confidential Information and Attorneys Eyes Only Material

27         12.    Confidential Information and Attorneys Eyes Only Material shall be used
28 solely and exclusively for preparing for and prosecuting this case, pending the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY
OF AMENDED PROTECTIVE ORDER                    5.                    Case No. SACV10-01959 DOC (RNBx)

1  completion of the judicial process, including appeal.  Confidential Information and
2  Attorneys Eyes Only Material cannot be used for any other purpose in any other
3  matter or proceeding for any reason whatsoever.

4       13.   Notwithstanding any other provisions hereof, nothing in this protective
5  order shall restrict any party's counsel from rendering advice to its client with respect
6  to this Action and, in the course thereof, relying upon Confidential Information and/or
7  Attorneys Eyes Only Material, provided that in rendering such advice, counsel shall
8  not disclose the other party's Confidential Information and/or Attorneys Eyes Only
9  Material other than in a manner expressly provided for in this protective order.

10       14.   If Confidential Information or Attorneys Eyes Only Material is used in
11  any depositions taken in this matter, the original transcript of the deposition, and all
12  copies thereof shall be stamped "Confidential" or "Attorneys Eyes Only."  Testimony
13  taken at a deposition may be designated as Confidential Information or Attorneys
14  Eyes Only Material by making a statement to that effect on the record at the
15  deposition, as to the specific testimony or items claimed to be Confidential
16  Information or Attorneys Eyes Only Material.  If any portions of the deposition
17  transcript and/or video or audio versions of the depositions contain Confidential
18  Information or Attorneys Eyes Only Material, or references thereto, they must be filed
19  with the Court in compliance with paragraph 21 of the protective order.

20       15.   A copy of the protective order shall be attached as an exhibit to the
21  deposition transcript and the court reporter shall be subject to the protective order and
22  precluded from providing the original or copies of the deposition transcript or portions
23  thereof, any copies thereof, or portions of copies thereof, to any persons or entities
24  other than counsel of record in the Action.  Any audiotape and/or videotape of said
25  deposition shall also be subject to this protective order.  The deposition videographer
26  shall be subject to this protective order and precluded from providing the original
27  deposition audiotape and videotape or portions thereof to any persons or entities other
28  than counsel of record.  All persons shall be precluded from providing the original

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY
OF AMENDED PROTECTIVE ORDER

6.

Case No. SACV10-01959 DOC (RNBx)

deposition audiotape and videotape or portions thereof to any persons or entities other than counsel of record in the Action.

16. Except for the witness, only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall be present during that portion of a deposition where Confidential Information or Attorneys Eyes Only Material is discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that directly reference or quote Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information.

**Protection of Confidential Information and Attorneys Eyes Only Material**

17. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and Attorneys Eyes Only Material and will limit access to Confidential Information and Attorneys Eyes Only Material only to the persons authorized by this protective order.

18. In connection with any lawsuit, regulatory matter, or action other than the above-captioned case, any party who is served with a subpoena or other request for production of Confidential Information or Attorneys Eyes Only Material produced by the other party must immediately provide written notice of such subpoena or other notice to the Designating Party so as to afford the Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information or Attorneys Eyes Only Material. Upon receiving such notice, the Designating Party shall bear the burden of opposing, if it deems appropriate, the subpoena or request for production. However, nothing contained in this paragraph is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19. Unless otherwise ordered or agreed in writing by the parties, within ninety (90) days of the settlement or termination (as defined in paragraph 11) of this

Action, the parties must simultaneously exchange and surrender any Confidential Information or Attorneys Eyes Only Material, provided, however, that counsel of record for Verso Paper, HireRight, DDI, National Union, ACE USA, and insurers, reinsurers and regulators for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information that has become part of the official record of this Action and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

### Challenges to Designation

20. Any party may challenge the propriety of the designation of Confidential Information or Attorneys Eyes Only Material pursuant to Local Rule 37. In accordance with Local Rule 37-1, prior to filing any motion asking the Court to make a determination as to the propriety of a designation the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. In the event that this conference of counsel does not resolve the dispute between the parties, the Receiving Party can bring a motion pursuant to Local Rule 37-2 to have the Court make a determination regarding the propriety of the disputed designation. As part of any such motion, if one or both parties wish to file the Joint Stipulation required by Local Rule 37-2.2 under seal, the parties will either file a stipulation to that effect or the moving party will file an ex parte application making the appropriate request. Any stipulation or ex parte application addressing why the Joint Stipulation or portions thereof should be filed under seal must set forth good cause.

### Filing Confidential Information or Attorneys Eyes Only Material

21. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information" or "Attorneys Eyes Only Material," the proposed filing shall be accompanied by an application to file the papers or the portion thereof

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER     8.     Case No. SACV10-01959 DOC (RNBx)

containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## Miscellaneous Provisions

22. Regarding any documents Defendants produce in response to Plaintiffs' discovery requests pertaining to non-party criminal background check reports or information, the Court further finds that the confidentiality provisions of this Order adequately protect the privacy interests of the individuals whose criminal background check reports or information is being sought, that such criminal background check reports or information are alleged by Plaintiffs to be reasonably calculated to lead to admissible evidence regarding the claims or defenses in this case and is for legitimate and permissible purposes, and that Defendants' production of said non-party criminal background check reports or information otherwise satisfies the dictates of the Fair Credit Reporting Act and corresponding state law, including 15 U.S.C. § 1681b(a).

23. A party that inadvertently produces documents or information that the party later discovers should have been designated as Confidential Information and/or Attorneys Eyes Only Material in this Action may notify the receiving parties that it intends to designate the documents or information. Any such post-production designation of Confidential Information and/or Attorneys Eyes Only Material must be made no later than 45 days prior to first day of trial. Any party receiving inadvertently produced documents or information shall return it upon request from the producing party. Upon receiving such a request to return specific information or documents, the receiving party shall return the information or documents to the producing party with in five (5) business days, regardless of whether the receiving party agrees with the designation. The producing party will then have five (5) days to produce all of the returned information or documents with the relevant designation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER    9.    Case No. SACV10-01959 DOC (RNBx)

Disclosure or use of the information or document by the receiving party prior to such late notice shall not be deemed a violation of the provisions of this protective order. Nothing in this paragraph shall be interpreted to limit the right of any party to challenge the designation of information or documents as Confidential Information and/or Attorneys Eyes Only Material as provided in paragraph 20, above.

24. It is expressly understood by and between the parties that in producing Confidential Information and/or Attorneys Eyes Only Material in this Action, the parties are relying upon the terms and conditions of the protective order. The parties also acknowledge that their agreement to the terms of this protective order does not waive their right to object to the production of documents or information on any proper ground and that the entry of this protective order does not, in and of itself, require any party to produce any documents or information or to waive any privilege or objection.

25. The parties can modify the terms of the protective order by written agreement but any such modification made by the stipulation of the parties shall not have the force or effect of a Court order unless the Court approves the amendment or modification. The Court also may modify the terms of the protective order. The protective order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement of this Action.

**IT IS SO ORDERED.**

DATED: August 13, 2012

_____
The Honorable Robert N. Block
United States Magistrate Judge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER    10.    Case No. SACV10-01959 DOC (RNBx)

| | | |
|---|---|---|
| 1 | Dated:   August 8, 2012 | /s/*Rod M. Fliegel*  ___ |
| 2 | | ROD M. FLIEGEL |
| | | LITTLER MENDELSON |
| 3 | | A Professional Corporation |
| | | Attorneys for Defendant |
| 4 | | HIRERIGHT, INC. |
| 5 | | |
| | | */s/Christopher G. Caldwell* |
| 6 | | CHRISTOPHER G. CALDWELL |
| | | CALDWELL LESLIE& PROCTOR |
| 7 | | Attorneys for Defendant |
| | | HIRERIGHT, INC. |
| 8 | | |
| 9 | DATED: August 8, 2012 | */s/Jeremy Johnson* |
| | | JEREMY JOHNSON |
| 10 | | ALISON K. HURLEY |
| | | BREMER WHYTE BROWN & |
| 11 | | O'MEARA LLP |
| | | Attorneys for Defendant |
| 12 | | DDI, Inc. |
| 13 | | |
| 14 | DATED: August 8, 2012 | */s/Scott Schmookler* |
| | | SCOTT SCHMOOKLER |
| 15 | | GORDON & REES |
| 16 | | JAY HARKER |
| | | MICHAEL W. BASIL |
| 17 | | CLAUSEN MILLER P.C. |
| 18 | | Attorneys for Plaintiffs |
| | | Verso Paper LLC and National Union |
| 19 | | Fire Insurance Company of Pittsburgh, PA. |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER**    11.    Case No. SACV10-01959 DOC (RNBx)

# EXHIBIT A

## Protective Order Acknowledgment and Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Verso Paper, LLC v. HireRight, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. SACV10-01959 DOC (RNBx). I certify that I am an appropriate person for receipt of Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever, except as permitted by the protective order, and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on following page]*

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

Dated: _____   _____
   [Signature]

   _____
   [Print Name]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER**   13.   **Case No. SACV10-01959 DOC (RNBx)**

# EXHIBIT B

## Protective Order Acknowledgment and Attorneys Eyes Only Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Verso Paper, LLC v. HireRight, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. SACV10-01959 DOC (RNBx). I certify that I am an appropriate person for receipt of Attorneys Eyes Only Material and Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Attorneys Eyes Only Material and Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Attorneys Eyes Only Material and Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Attorneys Eyes Only Material and Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Attorneys Eyes Only Material and Confidential Information in any form of any kind, except as permitted by the protective order, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on following page]*

STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER   14.   Case No. SACV10-01959 DOC (RNBx)

1
2    By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction
3    of the U.S. District Court for the Central District of California for purposes of
4    enforcing the terms of this agreement.
5
6    Dated: _____                    _____
                                                  [Signature]
7
                                                  _____
8                                                 [Print Name]

9    Firmwide:113486714.1 043656.1037

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIP FOR & [PROPOSED] ORDER FOR ENTRY OF AMENDED PROTECTIVE ORDER**         15.         **Case No. SACV10-01959 DOC (RNBx)**